UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN R. HUBBARD, III,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

Civil Action No.: 18-11758
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

# REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 15, 16]

Plaintiff Dan R. Hubbard, III, appeals a final decision of Defendant Commissioner of Social Security partially denying his application for Supplemental Security Income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Hubbard's motion [ECF No. 15] be **DENIED**;

- the Commissioner's motion [ECF No. 16] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Background and Disability Applications

Born July 3, 1969, Hubbard was 37 years old when he filed for SSI on April 26, 2007, which is also his amended onset date. [ECF No. 9-5, Tr. 92; ECF No. 9-8, Tr. 511; ECF 9-9, Tr. 638]. Hubbard has worked as a general laborer, dish washer, box assembler and "hilo driver." [ECF No. 9-2, Tr. 514-16]. He alleges that he is disabled from HIV, depression and chronic diarrhea. [ECF No. 9-8, Tr. 511].

Hubbard's disability claim was initially denied in June 2007. [ECF No. 9-4, Tr. 60]. In January 2010, a prior ALJ found Hubbard not disabled. [ECF No. 9-9, Tr. 615-29]. After the Appeals Council denied review, Hubbard filed an appeal in federal court, and the Honorable Marianne O. Battani remanded the matter for further review. [ECF Nos. 9-9, Tr. 581-83, 606-07]. On remand, the ALJ issued a partially favorable decision, finding Hubbard disabled from his alleged onset date of April 26, 2007 through February 24, 2012. [ECF No. 9-9, Tr. 633-53].

But the Appeals Council remanded Hubbard's case for a second time and a hearing was held on January 19, 2017, during which Hubbard and a

2

vocational expert (VE) testified. [ECF No. 9-8, Tr. 469-506]. In a May 2017 written decision, the ALJ below again found Hubbard partially disabled, but she extended the period of his disability to February 6, 2015. [ECF No. 9-8, Tr. 438-61]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [ECF No. 9-8, Tr. 411-14]. Hubbard timely filed for judicial review of this final determination. [ECF No. 1].

      **B.    The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the

3

Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Hubbard was not disabled from February 7, 2015 onward. [ECF No. 9-8, Tr. 443]. At the first step, she found that Hubbard had not engaged in substantial gainful activity since February 24, 2012. [ECF No. 9-8, Tr. 445]. At the second step, the ALJ found that, from February 24, 2012 through February 6, 2015, he had the severe impairments of "HIV, chronic diarrhea, insomnia, history of a closed head injury, cognitive disorder secondary to closed head injury, posttraumatic stress disorder, anxiety and depression." [*Id.*, Tr. 445-46]. Addressing the same period, the ALJ concluded that none of Hubbard's impairments, either alone or in combination, met or medically equaled the

4

severity of a listed impairment, but that he could not perform any jobs given his RFC at the time. [*Id.*, Tr. 446, 452].

The ALJ then found that, although Hubbard had the same severe impairments after February 6, 2015 as before, he had experienced medical improvement. [*Id.*, Tr. 453-55]. She concluded that, as of February 7, 2015, Hubbard had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except:

> [H]e needs a sit/stand option, no sitting or standing more than 20 minutes at a time. He can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. He can occasionally stoop, crouch, kneel or crawl. He must avoid all exposure to unprotected heights or hazardous machinery. He needs to be in close proximity to a restroom. He is limited to simple, routine work. He can have occasional interaction with the public and coworkers.

[*Id.*, Tr. 455]. At the fourth step, the ALJ concluded that Hubbard was unable to perform past relevant work. [*Id.*, Tr. 459]. At the final step, after considering Hubbard's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that there were jobs in significant numbers in the national economy that Hubbard could perform, including sorter/inspector, packager and bagger, and small parts assembler. [*Id.*, Tr. 460].

5

II.    ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

In the argument section of his motion for summary judgment, Hubbard's only articulated objection is that the ALJ failed to comply with the Appeals Council's remand order. [ECF No. 15, PageID.1494]. Within that objection, Hubbard also suggests that the ALJ's findings are not supported by substantial evidence. The Court finds that it does not have jurisdiction to consider whether the ALJ complied with the Appeals Council's remand order, and that the ALJ's decision is supported by substantial evidence.

6

### A.

Hubbard argues that the ALJ violated the Appeals Council's April 13, 2016 remand order. [ECF No. 15, PageID.1481-1500]. In relevant part, the remand order directed the ALJ to define the number of unscheduled bathroom breaks Hubbard may require and address Hubbard's allegations of fatigue. [ECF No. 9-9, Tr. 660-62].

As Hubbard notes, the regulations require an ALJ to "take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b). And the Commissioner has a nondiscretionary duty to comply with its own regulations. *Buchanan v. Apfel*, 249 F.3d 485, 492 (6th Cir. 2001). Hubbard argues that the ALJ did not appropriately address the number of needed unscheduled bathroom breaks and alleged fatigue. [ECF No. 15, PageID.1495-1499]. But he cites no authority about the Court's jurisdiction to review an ALJ's compliance with a remand order.

The Sixth Circuit has not addressed the issue, but "the overwhelming majority of courts in this circuit . . . have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand." *Shope v. Comm'r of Soc. Sec.*, No. 2:14-CV-2055, 2015 WL 3823165, at *8 (S.D. Ohio June 19, 2015), *adopted,* 2015 WL 6155919 (S.D. Ohio Oct. 20, 2015). Disagreeing

7

with the majority view, the court in *Kaddo v. Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017), held "that the failure by an ALJ to follow a remand order from the Appeals Council, even if that failure is allowed to stand by a later Appeals Council ruling, can constitute a reversible error in federal court."

Still, other courts have continued to follow the majority view. *Smith v. Comm'r of Soc. Sec.*, No. 2:17-CV-13367, 2018 WL 7364646, at *11 (E.D. Mich. Oct. 26, 2018), *adopted*, 2019 WL 700096 (E.D. Mich. Feb. 20, 2019) (finding an ALJ's compliance with a remand order is an internal agency proceeding occurring before the "final decision"); *Lockhart v. Comm'r of Soc. Sec.*, No. 16-CV-12303, 2017 WL 4158668, at *3 (E.D. Mich. Aug. 23, 2017), *adopted*, 2017 WL 4150776 (E.D. Mich. Sept. 19, 2017) (holding that the issue is non-reviewable under § 405(g) because the remand order is not a final decision of the Commissioner); *Gutzeit v. Comm'r of Soc. Sec.*, No. 16-11650, 2017 WL 4019461 (E.D. Mich. Aug. 21, 2017), *adopted*, 2017 WL 4011006 (E.D. Mich. Sept. 12, 2017) (agreeing with the majority view that federal courts lack jurisdiction on this issue).

This Court agrees that it lacks jurisdiction to review the ALJ's compliance with the remand order. Under Section 405(g), a claimant may appeal a "final decision of the Commissioner of Social Security." As

recently noted by the Supreme Court, "[T]he phrase 'final decision' clearly denotes some kind of terminal event." *Smith v. Berryhill*, No. 17-1606, 2019 WL 2257159, at *5 (U.S. May 28, 2019). The Appeals Council's remand order was not a final decision that is reviewable by this Court. *Duda v. Sec'y of Health & Human Servs.*, 834 F.2d 554, 555 (6th Cir. 1987). Instead, the remand order is "an internal agency matter that arises prior to the issuance of the agency's final decision, and thus falls outside the court's jurisdiction." *Smith*, 2018 WL 7364646 at *10.

In *Brown v. Comm'r of Soc. Sec.*, No. 1:08CV183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009), the court rejected the claimant's request to consider whether the ALJ complied with a remand order, reasoning in part that the Appeals Council presumably found that the ALJ had complied with the order. "By failing to remand the matter a second time, it appears that the Appeals Council considered the ALJ's July 25, 2006 review to be in compliance with the Council's previous order of remand (AR 5)." *Id.* No presumption is necessary here; the Appeals Council specifically found the ALJ's decision to comply with its remand order. [ECF No. 9-8, Tr. 412]. Hubbard has provided the Court with no authority allowing it to second-guess the Appeals Council's judgment that the ALJ complied with its order.

9

**B.**

Hubbard next argues that the medical evidence does not support the ALJ's determination that, as of February 7, 2015, he required five to nine unscheduled bathroom breaks a day lasting 30 seconds to five minutes. [ECF No. 15, PageID.1495-1498]. But those findings were not "randomly" selected, as Hubbard asserts.

At two hearings, Hubbard testified that he had five to nine bowel movements in an eight-hour period. [ECF No. 9-8, Tr. 484, 520]. In February 2015, Hubbard's treating physician, Jonathan Cohn, M.D., conducted a medical examination and noted, "Mr. Hubbard reports his diarrhea has improved and he is seeing *significant* decrease in number of daily bowels [*sic*] movements. [He] [r]eports consistency of [bowel movements] is no longer loose." [ECF No. 9-13, Tr. 1110 (emphasis added)]. Hubbard's GI test was negative for diarrhea, nausea and vomiting. [*Id.,* Tr. 1114]. Dr. Cohn also stated after a June 2015 examination that the "[p]ertinent negatives include" abdominal pain, diarrhea, weight gain and weight loss. [*Id.,* Tr. 1086]. He reported that Hubbard's diarrhea assessment "remains improved since change in ART in 2014." [*Id.,* Tr. 1090].

In October 2015, Dr. Cohn wrote that Hubbard has "2 formed stools every 3 diarrhea stools which has been an improvement for [Hubbard] for the past year or so." [*Id.*, Tr. 1070]. Hubbard had no abdominal tenderness. [*Id.*, Tr. 1074]. Hubbard's July 8 and January 8, 2016 treatment notes show that he did not complain of diarrhea. [*Id.,* Tr. 1032, 1052-65].

Although Hubbard's December 2014 GI testing was positive for diarrhea and nausea, [ECF No. 9-13, Tr. 1130-31], substantial evidence supports the ALJ's conclusion that his impairment improved by February 2015. A Commissioner's determination that is supported by substantial evidence "must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec. of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

Hubbard's objections to the ALJ's hypothetical that he requires 30 seconds to five minutes for each unscheduled bathroom break are also unavailing. During the December 2013 hearing, when asked how long he had "to stay in the restroom," Hubbard responded, "Anywhere between 30 seconds to five minutes." [ECF No. 9-8, Tr. 520-21]. The hypothetical posed to the VE was based on Hubbard's own testimony.

11

## C.

Hubbard objects to the ALJ's determination about his claims of fatigue. He finds it "alarming that the ALJ does not accept [his] testimony of fatigue" given his medical history. [ECF No. 15, PageID.1499].

The ALJ's decision postdates Social Security Ruling 16-3p, which eliminates use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1. *See also Rhinebolt v. Comm'r of Soc. Sec.,* No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted,* 2018 WL 494523 (S.D. Ohio Jan. 22, 2018) (noting that under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility."). Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018). Thus, an ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason."

*Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241.

Hubbard argues that the ALJ's finding that he does not experience limiting fatigue is inconsistent with her acknowledgment that he seeks treatment for insomnia and that he testified that he slept four hours a night and took no naps. [ECF No. 15, PageID.1498].

When a claimant's subjective complaints regarding his symptoms, their intensity or their persistence are not supported with by objective evidence, the ALJ is required to consider the entire record. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support" the reliability of the claimant's allegations, "while inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* at 248. The regulations also direct the ALJ to consider the claimant's daily activities, among other factors, when evaluating symptom-related functional limitation. 20 C.F.R. § 404.1529(c)(3).

An ALJ may discount a claimant's report of subjective symptoms because "some of [his] activities were inconsistent with his claims of disabling pain." *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Walters v. Comm'r of Soc. Sec.*, 127

13

F.3d 525, 532 (6th Cir. 1997) (finding that the ALJ acted properly when he took into account that claimant could "run all of his errands, walk two miles, prepare all of his meals, and drive three times a week"); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (the ALJ properly "considered [the claimant's] testimony concerning fatigue and shortness of breath in light of other evidence that [she] regularly walks around her yard for exercise, rides an exercise bicycle, goes to church, goes on vacation, cooks, vacuums, and makes beds").

     Here, the ALJ pointed to substantial evidence in the record that refutes Hubbard's allegations of fatigue. Hubbard testified that he had not sought treatment for his alleged fatigue since October 2011. [ECF No. 9-8, Tr. 553; *see also* ECF No. 9-13, Tr. 992]. In 2012, Hubbard's medical examinations listed his symptoms of fatigue as negative. [ECF No. 9-14, Tr. 1224, 1232]. In fact, a 2012 medical examination report stated, "[Hubbard] is quite busy and happy these days, helping his mother care for a 4 1/2 month old infant." [ECF No. 9-14, Tr. 1222].

     The ALJ found that Hubbard's ability to engage in a range of activities throughout the day suggested he did not experience "limiting fatigue." [ECF No. 9-8, Tr. 449]. At the January 2017 hearing, Hubbard testified that

14

he was his mother's care provider and watched his four-year old niece.[1] [ECF No. 9-8, Tr. 475-76]. He said that he was able care for himself (shower, get dressed and shave), had a driver's license, and could drive. [*Id.*, Tr. 487]. He also testified that he could do "basically, all household chores," grocery shop and help with laundry at the laundromat. [*Id.*, Tr. 488-89]. Hubbard "reads all the time," could pay attention "a long time if interesting" and had no issue following written instruction. [ECF No. 9-6, Tr. 117-18]. Despite his allegations of fatigue, Hubbard walked two and a half hours from his home to the hearing. [ECF No. 9-8, Tr. 484]. The ALJ stated that Hubbard "d[id] not appear confused, forgetful or inattentive" during his examination. [ECF. No. 9-8, Tr. 453, 454, 456].

For these reason's the ALJ's subjective symptom analysis is supported by substantial evidence and her decision should be affirmed. *Cutlip*, 25 F.3d at 286.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Hubbard's motion for summary judgment [ECF No. 15] be **DENIED**; that the Commissioner's motion [ECF No. 16] be **GRANTED**; and that the

---

[1] His mother suffers from diabetes and hypertension. [ECF No. 9-8, Tr. 475].

Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Dated: June 10, 2019

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after

16

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2019.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager