**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAN R. HUBBARD, III,

     Plaintiff,

                                 Case No. 18-11758

v.

                                 Hon. Marianne O. Battani

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS**
**AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

Before the Court are objections (Dkt. 18) filed by Plaintiff Dan R. Hubbard, III, to a June 10, 2019 Report and Recommendation ("R & R") issued by Magistrate Judge Elizabeth A. Stafford (Dkt. 17).  In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 15), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 16), and affirm the challenged decision of the Defendant Commissioner.  For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the procedural history and background facts of this case regarding Plaintiff's application for supplemental security income ("SSI") benefits.  Nor do they object to the Magistrate Judge's summary of the administrative proceedings and findings of the Administrative Law Judge ("ALJ") on Plaintiff's claim for benefits.  Accordingly, the Court adopts these unchallenged portions of the R & R.

## III.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects.  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge.  *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers,* 486 F.3d at 241 (internal quotation

marks and citation omitted).  If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole.  *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992).  There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record.  *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006).  Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility."  *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.    ANALYSIS

Plaintiff advances two objections to the R & R, each of which essentially reiterates an argument raised in his underlying motion for summary judgment.  First, he challenges the Magistrate Judge's determination that the Court lacks jurisdiction to consider whether the ALJ complied with the Appeals Council's April 13, 2016 order of remand.  Next, he contends that the Magistrate Judge erred in finding that the ALJ's decision is supported by substantial evidence.  The Court addresses each of these objections in turn.

## A.    Objection No. 1

In an April 13, 2016 order, the Appeals Council remanded Plaintiff's claim for benefits to the ALJ for further administrative proceedings, instructing the ALJ to consolidate Plaintiff's claim files, further consider certain materials in the record, further evaluate Plaintiff's impairments and limitations, and obtain additional evidence from a vocational expert.  (*See* Admin. Record at 661-62.)  In his underlying motion for summary judgment, Plaintiff argued that the ALJ failed to comply with these directives, and that the ALJ's decision therefore should be set aside as issued in violation of the Appeals Council's order of remand and a Social Security regulation mandating that an ALJ "shall take any action that is ordered by the Appeals Council."  20 C.F.R. § 404.977(b).  In the R & R, however, the Magistrate Judge declined to address the merits of this challenge, and instead held that the Court "lacks jurisdiction to review the ALJ's compliance with the remand order."  (R & R at 8.)  Plaintiff now objects to this jurisdictional ruling, contending that the Court's refusal to review the ALJ's compliance with the Appeals Council's order of remand would make it impossible to enforce the Defendant Commissioner's "clear, non-discretionary duty to follow . . . his own administrative regulations."  *Buchanan v. Apfel,* 249 F.3d 485, 492 (6th Cir. 2001).

As observed in the R & R, the Sixth Circuit has not yet addressed the question whether the federal courts have the authority to review an ALJ's alleged failure to comply with an Appeals Council order of remand, but the "overwhelming majority of [district] courts in this circuit" have concluded that they lack this authority.  (R & R at 7-8 (internal quotation marks and citations omitted).)  In his objections to the R & R, Plaintiff

urges the Court to adopt the minority view on this issue, as exemplified by the ruling in *Kaddo v. Commissioner of Social Security,* 238 F. Supp.3d 939, 944 (E.D. Mich. 2017).

The Magistrate Judge thoroughly surveyed the decisions on both sides of this question and elected to follow the majority position, reasoning that an Appeals Council's order of remand is an "internal agency" determination issued in the course of administrative proceedings, and that the federal courts are authorized to review only the "final decision" that emerges from this process. (R & R at 8-9 (internal quotation marks and citations omitted).) The Magistrate Judge further observed that in this particular case, the Appeals Council itself specifically rejected Plaintiff's contention that the ALJ disregarded the directives in its April 13, 2016 order of remand, finding that the ALJ's most recent decision "complies with the remand orders of the United States District Court and the Appeals Council." (R & R at 9 (citing Admin. Record at 412).) Upon reviewing the R & R, the administrative record, and the pertinent case law, the Court fully concurs in the analysis of the Magistrate Judge, and likewise chooses to adhere to the position adopted by the vast majority of courts that have addressed the jurisdictional question presented here. In addition, the Court agrees with the Magistrate Judge that it is significant that the Appeals Council itself determined that the ALJ did not deviate from its order of remand, particular where Plaintiff has "provided the Court with no authority allowing it to second-guess the Appeals Council's judgment that the ALJ complied with its order." (R & R at 9.)

Even assuming the jurisdictional question were resolved in Plaintiff's favor, the Court is not persuaded that the outcome here would be different. The position taken by Plaintiff in his objections — namely, that a remand is warranted solely by virtue of the

ALJ's alleged lack of compliance with the Appeals Council's remand order — is at odds with Sixth Circuit's recognition that an ALJ's violation of a Social Security Administration ("SSA") regulation does not necessarily invalidate the ALJ's decision.  Instead, the Sixth Circuit has held that an ALJ's decision, "if supported by substantial evidence," will be overturned only "where the SSA fails to follow its own regulations *and* . . . that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Commissioner of Social Security,* 478 F.3d 742, 746 (6th Cir. 2007) (emphasis added).

In this case, assuming — contrary to the finding of the Appeals Council itself — that the ALJ failed to comply with the Appeals Council's order of remand, this presumably would establish a violation of the ALJ's duty to "take any action that is ordered by the Appeals Council."  20 C.F.R. § 404.977(b).  Even so, Plaintiff would also have to demonstrate that this error "prejudice[d] [him] on the merits or deprive[d] [him] of a substantial right."  *Bowen,* 478 F.3d at 746; *see also Rabbers v. Commissioner of Social Security,* 582 F.3d 647, 654-55 (6th Cir. 2009) (observing that the SSA's "fail[ure] to adhere to its own procedures" ordinarily is subject to "harmless error" analysis).  Yet, Plaintiff has not even attempted to explain how he has been prejudiced or deprived of a substantial right as a result of the ALJ's alleged deviation from the Appeals Council's remand order.  Indeed, Plaintiff has not identified which specific Appeals Council directives the ALJ purportedly ignored, much less shown any resulting prejudice.  To be sure, Plaintiff contends more generally that the ALJ's decision is not supported by substantial evidence in the administrative record.  But he has been afforded a full and fair opportunity to pursue this challenge before the Appeals Council and this Court, and

he fails to suggest how the Court's review of this challenge has been impaired or impeded in any way as a result of the ALJ's alleged procedural violation. Consequently, even assuming this Court has the authority to address the ALJ's purported lack of compliance with the Appeal Council's remand order, the Court readily concludes that any such procedural violation was harmless error that neither prejudiced Plaintiff on the merits of his claim nor deprived him of a substantial right.

### B. Objection No. 2

Plaintiff's remaining objection is more readily resolved. After stating some boilerplate legal principles that, as Defendant observes, have no apparent relevance to the issues in dispute, Plaintiff asserts that both "[t]he medical documentation" and his own testimony "clearly supported that he would be off task 20% or more of the day for bathroom breaks alone, thus making it impossible to sustain work." (Dkt. 18, Plaintiff's Objections at 8.) In Plaintiff's view, if this evidence had been "properly addressed" and accounted for, the ALJ would have concluded that he remained disabled beyond February 6, 2015. (*Id.*)

This objection is flawed in two respects. First, Plaintiff's vague description of the evidence the ALJ allegedly failed to "properly address" is unsupported by any citation whatsoever to pertinent materials in the administrative record. Instead, Plaintiff points only to a single excerpt of the vocational expert's testimony at the January 19, 2017 administrative hearing. (*See id.* (citing Admin. Record at 505).) Yet, this excerpt has nothing to say about the impact of Plaintiff's bathroom breaks or time spent off task on his ability to work. Rather, the vocational expert was asked to opine about an individual who "miss[ed] two or more days [of work] on a regular and consistent basis" or "had to

7

leave early" due to a medical condition. (Admin. Record at 505.) Plaintiff fails to suggest how the (unspecified) portions of the administrative record he describes would have implicated the vocational expert's testimony on this point.

Next, and more importantly, Plaintiff has nothing whatsoever to say about the Magistrate Judge's extensive survey and analysis of the evidence bearing upon the ALJ's findings about Plaintiff's need for bathroom breaks and his time off-task during the work day due to these bathroom breaks and fatigue. (*See* R & R at 10-15.) Instead, and as Defendant points out, Plaintiff's objection "consists of two sentences copied nearly verbatim from his initial brief," (Dkt. 19, Defendant's Response to Plaintiff's Objections at 4), with no discussion (or even acknowledgment) of the Magistrate Judge's treatment of this issue.

Where, as here, a party's objection to an R & R is "summary in nature, with no specificity at all," and this objection fails to "address the findings of the magistrate" or "specify the findings that [the objecting party] believe[s] [a]re in error," the Sixth Circuit has held that such a submission does not qualify as the "specific written objection[]" demanded under Fed. R. Civ. P. 72(b)(2) and this Circuit's precedents. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Similarly, to the extent that Plaintiff has merely "rebranded" an argument from his summary judgment motion as an objection to the R & R, without "any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome," this is "tantamount to an outright failure to lodge objections to the R & R." *Wallace v. Commissioner of Social Security,* No. 15-11839, 2016 WL 4409062, at *2 (E.D. Mich. Aug. 19, 2016) (internal quotation

marks and citation omitted). Accordingly, Plaintiff's second objection to the R & R is not well taken.

## V.    CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's June 10, 2019 report and recommendation (Dkt. 17) in its entirety, and **OVERRULES** Plaintiff's June 24, 2019 objections to the report and recommendation (Dkt. 18). Accordingly, Plaintiff's motion for summary judgment (Dkt. 15) is **DENIED**, Defendant's motion for summary judgment (Dkt. 16) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: September 23, 2019                   s/Marianne O. Battani
                                           MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT JUDGE